Andrew N. Bourne (AB-9774)
BOURNE & ZAKHEIM LLP
733 Third Avenue, 15th Floor
New York, NY 10017
Tel: 646-790-5850
Fax: (646) 355-2882

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK



BARRY FURST and PHYLLIS FURST,

Plaintiffs,

v.

KIRSCHNER & COHEN, P.C.,

Defendant.

Civil Action No. _____

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiffs Barry Furst and Phyllis Furst (the "Fursts"), by and through their attorneys Bourne & Zakheim LLP, for their complaint against the Defendant, Kirschner & Cohen, P.C. ("K&C"), allege as follows:

### INTRODUCTION

1.      This is an action for damages based upon the legal malpractice committed by K&C.

2.      In or about April 2011, the Fursts retained K&C to draft and negotiate a contract for the sale (the "Contract of Sale") of certain real estate property.  Upon the advice of K&C, the Fursts entered into the Contract of Sale drafted by K&C with the belief that they were protected against the default of buyers who never applied for a mortgage.

3.      The Fursts valued such protection to guard against the risk that, in accepting a buyers' offer, the Fursts would be required to remove the property from the market, and thereby miss opportunities to find new buyers if the first proved unserious.

1

4.     In fact, the Fursts accepted the offer of buyers who ultimately canceled the Contract of Sale without ever applying for a mortgage and sued for the return of their deposit.  At this point, the Fursts learned that the Contract of Sale provided no protection, whatsoever.

5.     Indeed, the Supreme Court of the State of New York held that the Fursts had no right to keep the deposit secured by the Contract of Sale even though the buyer never applied for a mortgage, directly contravening the advice given by K&C.

6.     But for K&C's professional negligence, the Contract of Sale would have enabled the Fursts to enforce the rights the Fursts thought they bargained for, specifically, the right to retain a buyer's deposit on the Contract of Sale as liquidated damages.  The Fursts bring this action to recover that loss and the consequent damages suffered by them.

## JURISDICTION AND VENUE

7.     The Fursts are individuals residing in Boca Raton, Florida.

8.     Upon information and belief, K&C is a New York professional corporation engaged in the practice of law, with its principal place of business at 305 Northern Boulevard, Great Neck, New York.

9.     This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a), as this action involves citizens of different States and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

10.     Venue is proper within this District pursuant to 28 U.S.C. § 1391(b)(1), as K&C resides in this District.

## FACTUAL ALLEGATIONS

11.     The Fursts owned property at 12 Tiffany Circle, Manhasset, New York (the "Property").  In or about March 2011, the Fursts agreed to sell the Property to So Yong Han and Hae Sung Han (the "Buyers").  Negotiations between the Fursts and the Buyers culminated in a

2

verbal agreement calling for an "all cash sale" without a mortgage contingency. The Fursts' real estate broker prepared a binder to that effect, which was signed by one of the Buyers.

12.     In April 2011, K&C drafted the Contact of Sale to reflect those terms.

13.     To prepare the Contract of Sale, K&C utilized a pre-printed Blumberg form and crossed-out paragraph 23, which was entitled "Mortgage Contingency." K&C also wrote the word "deleted" through the two columns of paragraph 23 on the printed form. Finally, K&C drafted a rider to the printed form that made no mention of any mortgage contingency.

14.     Subsequently, the Buyers' attorney contacted K&C and requested that the contract be changed to provide for a mortgage contingency with a $300,000 conventional mortgage. With the consent of the Fursts, K&C agreed to that change. K&C then instructed the Buyers' attorney to change the contract to reflect this mortgage contingency. Weeks later, K&C received the signed Contract of Sale from the Buyers, along with the required deposit of $112,000.00 (the "Deposit").

15.     The Contract of Sale received from the Buyers included two material changes to the K&C version. First, the Buyers added a mortgage contingency in the amount of $300,000 pursuant to a new rider to the Contract of Sale, which stated:

> The obligation of the Purchaser to purchase under this Contract of Sale is contingent upon Purchaser obtaining a conventional mortgage loan in the amount of $300,000 for a period of not less than twenty (20) years at the prevailing rate of interest within forty five (45) days from Purchaser's receipt of a fully executed Contract of Sale. In the event the application is rejected, this Contract of Sale may be canceled and the deposit monies shall be returned to Purchaser. Purchaser states that he will make a representation to his lending institution that his personal income from year 2010 was not less than $120,000.00.

16.     Second, the Buyers' attorney wrote the word "stet" in the margin of the previously deleted paragraph 23 and hand wrote additional terms in the body of that paragraph.

17.     K&C advised the Fursts that the Buyer's "stet" notation effectively restored all of paragraph 23, which now required the Buyers to apply for a mortgage of $300,000.00 from an Institutional Lender, and comply with the other terms of Paragraph 23.

18.     Based upon the advice and expertise of K&C, the Fursts signed the Contract of Sale containing the Buyers' alterations with the understanding that the Buyers "must make prompt application to an Institutional Lender."

19.     In May 2011, the Buyers' attorney requested a two week extension of time to obtain the mortgage, which the Fursts granted upon the advice of K&C.

20.     On June 14, 2011, the Buyers' attorney requested a further extension, which the Fursts granted upon the advice of K&C.

21.     On June 20, 2011, the Buyers' attorney purported to cancel the Contract of Sale due to the Buyer's inability to obtain a mortgage, and demanded the return of the Deposit.

22.     In July 2011, after negotiations over the Deposit failed, the Buyers' attorney provided a declination letter from a mortgage broker, rather than an institutional lender, and demanded the return of the Deposit.

23.     In response, K&C stated to the Buyers' attorney that the letter from the mortgage broker was insufficient to trigger the return of the Deposit, because, pursuant to the Contract of Sale, the Buyers were required to provide a copy of their application and declination letter from an institutional lender.

24.     Seeking the return of the Deposit, the Buyers commenced an action against the Fursts in August 2011 in the Supreme Court of the State of New York, County of Nassau, styled *Han v. Furst*, Index No. 13702/11 (N.Y. Sup. Ct., Nassau County) (the "Deposit Action").

25.     In June 2013, the Supreme Court granted the Buyers summary judgment in the Deposit Action, denied the Fursts summary judgment, and ordered the release of the Deposit to the Buyers.

26.     The Supreme Court ruled in favor of the Buyers in the Deposit Action after finding that the Contract of Sale contained a mortgage contingency that permitted the Buyers to recover their contract deposit.   Notwithstanding K&C's contrary assertions, the Court found that while "the boilerplate language of the actual contract contained the very language that would have supported [the Fursts'] arguments that the [Buyers] failed to make a prompt application for a mortgage and act in good faith . . . the provisions containing the referenced language, were crossed out with the words 'delete' written over the paragraphs."

27.     Based on this finding, the Supreme Court held that "the mortgage contingency in the Contract of Sale is considered to be deleted and the mortgage contingency provision in the [Buyer's] [r]ider prevails."

### FIRST CAUSE OF ACTION
### (Legal Malpractice)

28.     The Fursts reallege paragraphs 1-27 as if fully set forth here.

29.     While the Fursts were represented by K&C, the Fursts, following the advice and guidance of K&C, entered into the Contract of Sale to convey the Property to the Buyers in what the Fursts were led to believe was a customary contract with a mortgage contingency subject to which the Buyers' deposit would be retained by the Fursts as liquidated damages in the event that the Buyers failed to apply to an institutional lender to obtain a mortgage.

30.     K&C was negligent in the drafting and negotiation of the Contract of Sale in that the agreement failed to provide the very protection which the Fursts had bargained for and were assured by K&C was enforceable.

31.     This failure to ensure that the Contract of Sale rendered enforceable the agreement between the Fursts and the Buyers damaged the Fursts in the amount of $112,000.00.

32.     In addition, the Fursts were damaged in that they paid legal fees to K&C for the drafting and negotiation of the Contract of Sale.

33.     K&C's professional negligence in negotiating and drafting the Contract of Sale rendered its services worthless, thus causing the Fursts to be further damaged in an amount equal to all fees paid for such service.

34.     Based on the foregoing, among other things, K&C failed and neglected to exercise reasonable, adequate and appropriate skill and care in their representation of the Fursts and their representation of the Fursts deviated and departed from accepted standards of legal care.

35.     K&C's professional negligence in negotiating and drafting the Contract of Sale caused the Fursts to have to pay for the legal services of the attorneys who represented them in the Deposit Action, thus causing the Fursts to be damaged in an amount equal to all the fees paid in the Deposit Action.

<b><u>PRAYER FOR RELIEF</u></b>

WHEREFORE, the Fursts pray for relief as follows:

(a) that the Court enter judgment against K&C and award the Fursts at least $112,000.00 in damages, and additional monetary damages equal to all the legal fees they paid to K&C, and the legal fees paid in the Deposit Action, in a total amount to be determined at trial;

(b) the costs and fees of this action;

(c) pre- and post-judgment interest to the extent permitted by law; and

(d) such other and further relief as the Court deems just and proper.

## JURY DEMAND

The Fursts hereby demand a trial by jury on all issues so triable.

Dated: March 5, 2014
      New York, New York

Respectfully submitted,

BOURNE & ZAKHEIM LLP

By: _____
Andrew N. Bourne (AB9774)
733 Third Avenue, 15th Floor
New York, New York 10017
Tel:  (646) 790-5850
Fax:  (646) 355-2882

*Attorneys for Plaintiffs*